# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GLOVANNA KAUFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. CIV-06-319-KEW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Claimant, Glovanna Kaufman, pursuant to 42 U.S.C. § 405(g), requests judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying Claimant's application for disability benefits under the Social Security Act. In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, the Court AFFIRMS the Commissioner's decision.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment..." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his "physical or mental impairment or impairments are of such severity that he is not only

unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy..." Id. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  See 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted).  The term substantial evidence has been interpreted by the U.S. Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not reweigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also Casias, 933 F.2d at 800-01.

---

[1] Step one requires claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  See id. §§ 404.1521, 416.921.  If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work.  If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

**Claimant Background**

Claimant was born on September 4, 1941 and was 62 years old at the time of the hearing before the ALJ. She has a high school education. Claimant has worked as a receptionist, office manager, convenience store manager, and horse trainer/groomer. She alleges an inability to work beginning May 23, 2002, due to depression with anxiety, connective tissue disorder, hypertension, heart disease, and edema of the feet and ankles.

**Procedural Background**

On July 12, 2002, Claimant protectively filed for disability benefits under Title II (42 U.S.C. § 401, et seq.) and Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application for benefits was denied initially and upon reconsideration. A hearing before ALJ James D. Jordan was held on December 5, 2003 in Muskogee, Oklahoma. By decision dated March 19, 2004, the ALJ found that Claimant was not disabled at any time through the date of the decision. On November 7, 2005, the Appeals Council dismissed Claimant's request for review because the request was not filed within the 60 days from the date notice of the decision was received. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and she retained the residual functional capacity to return to her past relevant work as a receptionist and office manager.

## Review

Claimant asserts the ALJ committed error requiring reversal in failing to: (1) appropriately assess her residual functional capacity; and (2) include detailed functional mental limitations in his residual functional capacity assessment.

### Residual Functional Capacity Assessment

On appeal, Claimant contends the ALJ failed to include mental limitations in his RFC assessment despite finding she had severe mental impairments. Thus, Claimant contends the ALJ's decision is internally inconsistent and unsupported by substantial evidence.

With regard to Claimant's alleged mental impairments, the ALJ found the medical evidence established she had impairments from "depression and anxiety." (Tr. 25) These mental impairments were found to be "severe" within the meaning of the Regulations but not "severe enough to meet or medially equal, either singly or in combination one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. " Id. Further, the ALJ determined "[t]he claimant has had recurrent problems with depression and anxiety which result in mild restriction of activities of daily living, mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and not episodes of decompensation. Therefore, the claimant has no impairment or combination of impairments that meet or medically equal the criteria of any impairment listed in Appendix 1 to Subpart P of Regulations No. 4." Id.

At step two of the sequential evaluation, an ALJ is required to determine whether the impairments alleged by the Claimant are "severe." 20 C.F.R. § 404.1520(a)(4)(ii),(c); 416.920(a)(4)(11),(c). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a); 416.921(a). Only "slight" impairments, imposing only a "minimal effect

on an individual's ability to work" are considered "not severe."

> An impairment or combination of impairments is found "not severe" and a finding of "not disabled is made at [step two] when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work, even if the individual's age, education, or work experience were specifically considered[.]
> Social Security Ruling 85028, 1985 WL 56856, at 3 (emphasis added.) See also, SSR 03-3p, 2003 WL 22813114, at 2.

Step two is designed to eliminate "at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." Bowen v. Yuckert, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring). See also, Langley v. Barnhart, 373 F.3d 1116, 1123 (10th Cir. 2004). "The mere presence of a condition or ailment" is insufficient to move on to further steps in the analysis. Id.

Here, the ALJ's step two determination that Claimant had a severe impairment from depression and anxiety is clearly supported by the medical evidence. Treatment records from Dr. Jamal Hyder which cover the period from March 30, 1999 to March 6, 2003 document complaints made connected to anxiety and depression. (Tr. 101-104,108-110,112). The evidence supports the ALJ's conclusion that Claimant experienced symptoms of anxiety and depression which imposed at least a minimal effect on her ability to work.

Additional medical evidence included a consultative physical examination by Dr. Muhhammad Asim on November 18, 2002. By history, Claimant complained of anxiety and depression. A Psychiatric Review Techniques Form completed by a Disability Determination Services (DDS) physician on January 15, 2003. Claimant was noted to have an affective disorder with a disturbance of mood as evidenced by anhedonia or pervasive loss of interest in almost all activities, sleep disturbance, and decreased energy. (Tr. 133-136). Claimant was also found to have an anxiety-related disorder with apprehensive expectation. (Tr. 133, 138). Mild

restrictions were found in the activities of daily living; difficulties in maintaining social functioning; and difficulties maintaining concentration, persistence, or pace. (Tr. 143). The physician further found that Claimant "alleges depression and some anxiety. Currently being treated with medication by her TP. Any adverse affect in her normal daily activities is primarily due to her physical condition." (Tr. 145). Based on the evidence presented in the record, this Court finds that the ALJ's step two determination finding severe mental impairments from anxiety and depression is supported by substantial evidence.

Claimant argues that the ALJ's determination at step two is inconsistent with the failure to include mental limitations in the RFC assessment at step four of the sequential evaluation. Here, the ALJ found "[c]laimant has had recurrent problems with depression and anxiety which result in mild restriction of activities of daily living; mild difficulties in maintaining social functioning mild difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation." (Tr. 25).

RFC is defined as what an individual is capable of doing despite his mental and physical limitations. <u>Davidson v. Secretary of Health & Human Services</u>, 912 F. 2d 1246, 1253 (10th Cir. 1990); See also: 20 C.F.R. § 404.1545(a). RFC categories has been established based on the physical and mental demands of various kinds of work in the nation economy. 20 C.F.R. §§ 404.1567. The RFC assessment is based primarily on medical findings such as symptoms, signs, and laboratory results. Medical and non-medical sources must also be considered in assessing RFC. 20 C.F.R. § 404.1545(a). Step four of the sequential analysis requires the ALJ to assess a Claimant's RFC to determine if he retains the ability to perform the functional demands and job duties in his past relevant work. See: 20 C.F.R. § 404.1520(e), 416.920(e).

The ALJ's step four assessment was consistent with the medical evidence in the record.

Further, this Court finds the ALJ's findings at step two of the sequential analysis were not inconsistent with his findings at step four.

As part of this argument, Claimant also contends the ALJ erred by failing to order a consultative mental evaluation for an assessment of her mental limitations. Clearly, the ALJ has been afforded broad latitude in ordering consultative examinations. See: <u>Diaz v. Secretary of Health & Human Services</u>, 898 F.2d 774, 778 (10th cir. 1990). A consultative examination is necessary when there is a direct conflict in the medical evidence requiring resolution. See: 20 C.F.R. § 404.1519a(b)(4). A consultative examination is also necessary when the medical evidence is inconclusive. <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1491 (10th Cir. 1993).

Here, the medical evidence was not in conflict or inconclusive. The ALJ did not err by failing to order a consultative evaluation.

## Assessment of Functioning Findings

Claimant argues the ALJ erred by failing to adequately discuss the mental functioning limitations in his decision at step four of the sequential analysis. Here, the ALJ made findings at step two that Claimant had limitations in: (1) mild restriction of activities of daily living; (2) mild difficulties in maintaining social functioning; and (3) mild difficulties in maintaining concentration, persistence, or pace. (Tr. 25). Claimant's contention that the ALJ is required to engage in a more detailed analysis at step four is rejected. The ALJ's decision is supported by substantial evidence.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied, therefore the ruling of the Commissioner of Social Security Administration is AFFIRMED.

DATED this 2nd day of November, 2007.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE